MARGUERITE E. MILLS ET AL. *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF WINDSOR ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued March 6—decided April 15, 1958

*Frank J. Monchun,* with whom were *Harry Cooper* and *William E. O'Connor,* for the appellant (named defendant) and with whom, on the brief, was *Francis Barberio,* for the appellant (defendant The Fusco-Amatruda Company).

*Merriam Davis,* with whom was *Roger Wolcott Davis,* for the appellee (named plaintiff).

*Ralph C. Dixon,* for the appellees (plaintiffs The Park Regional Corporation and Stanley B. Loucks).

MURPHY, J. The plaintiffs appealed to the Court of Common Pleas from the action of the defendant town plan and zoning commission in granting a change in the comprehensive plan of development of the town of Windsor and a change of zone of certain property from agriculture to business 2. From the judgment of the trial court sustaining the appeal, the defendants have appealed to this court. Two questions only are involved in the determination of this appeal. First: Are the plaintiffs "aggrieved" so as to be entitled to appeal? Second: Did the commission have the legal right to change the plan and the zone within a comparatively short time after it had denied a similar application?

Christensen Brothers and Jepsen, a partnership, is the owner of nineteen acres of land on the northeast corner of Windsor Avenue and South Meadow Road, five acres of which, abutting Windsor Avenue, are zoned for business. The remaining fourteen acres are in an agricultural zone. On March 7, 1956, the commission by a unanimous vote denied an application to change the comprehensive plan and to change the zone of these fourteen acres from agriculture to B-2 to permit the establishment of a local shopping center. The principal reasons, among others, given by the commission for this action were that the major portion of the land is subject to flooding and had been flooded on three occasions, the latest in 1955, and that the land in the area already zoned for business is adequate. On March 29, 1956, the owners filed another application for a change in the comprehensive plan and a change in zone from agriculture to B-2. The only difference between this application and the one denied on March 7 is the recital that the change sought was to "regional shopping area or center (B II)." The zoning regulations

make no provision for such a classification. Windsor Zoning Regs., § 1.02 (1956). The commission, by a vote of three to two, granted the application on May 9, 1956. The plaintiffs thereupon took an appeal to the Court of Common Pleas.

There are three plaintiffs, Marguerite E. Mills, Stanley B. Loucks and The Park Regional Corporation. All are property owners in the town. Miss Mills and Loucks are residents also. None of their property is located in the immediate vicinity of Windsor Avenue and South Meadow Road. Both Miss Mills and the corporation, of which Loucks is an officer and stockholder, have unsuccessfully sought to have their respective properties zoned as business 2 to accommodate shopping centers. *Mills v. Town Plan & Zoning Commission,* 144 Conn. 493, 134 A.2d 250; *Park Regional Corporation v. Town Plan & Zoning Commission,* 144 Conn. 677, 136 A.2d 785. Their appeals were pending in this court at the time the instant case was being tried in the lower court.

Section 379d of the 1955 Cumulative Supplement, together with § 381d and § N11 (Nov. 1955 Sup.), gives to "[a]ny person or persons . . . aggrieved" the right to appeal from any decision of the commission. The only facts found by the trial court upon which it could have concluded that the plaintiffs were aggrieved were that they were residents and owners of real property. That they anticipated that they might be competitors in the sense that at the time of trial they were hopeful of favorable action upon their appeals would not be sufficient. *Benson v. Zoning Board of Appeals,* 129 Conn. 280, 284, 27 A.2d 389. Nor can they claim to be "persons . . . aggrieved" by virtue of being owners of property in the immediate vicinity, since the court has found that

their properties are not nearby. *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 583, 95 A.2d 792. It must be borne in mind, however, that the commission changed not only the zone of the Christensen Brothers and Jepsen property but the comprehensive plan of development in a manner affecting not only that property but also the respective properties of the plaintiffs. "[A] comprehensive plan means a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties." *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538. The change in the comprehensive plan, even though not the change in zone itself, could adversely affect all three plaintiffs as property owners. The plaintiffs Mills and The Park Regional Corporation could thereby have been affected in a manner otherwise than by the mere approval of a location for a possible competitor. Therefore we cannot hold, as a matter of law, that the court was in error in concluding that the plaintiffs were aggrieved under the circumstances of this case. *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175.

After the denial of the first application and prior to the filing of the second, the members of the commission and the applicants met privately and agreed upon conditions under which a new application would be considered. As these conditions were incorporated in the favorable action taken by the commission on May 9, 1956, the propriety of the conduct of the commission is open to criticism. What we said in *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 499, 134 A.2d 250, bears repetition here. "Anything which tends to weaken public confidence and to undermine the sense of security of in-

dividual rights which a citizen is entitled to feel is against public policy."

The letter from the state control and water policy commission stating that the land in question is not within possible encroachment limits along the Connecticut River does not exclude the danger of flooding. Thus the record remains barren of any evidence that the area was not as prone to flooding in May as it was in March. Also, there is nothing to indicate that the zoned business areas which in March were found to be adequate for local needs for a number of years became inadequate within a period of two months. The plot plan submitted with the application changed the location of one of the wings of the building but decreased substantially the available motor vehicle parking area. This decrease in planned parking area is difficult to reconcile with the claim of the defendants that a regional shopping center draws more patronage, and from a larger area, than a local shopping center. Calling the center "regional" and shifting the location of part of the building are not reasons which warrant reconsideration and favorable action in this case. See *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619.

Courts are reluctant to interfere with the actions of legislative bodies in which the power of exercising reasonable discretion resides. *Winslow* v. *Zoning Board,* 143 Conn. 381, 391, 122 A.2d 789; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538. Upon appeal, a court can grant relief where the local authority has acted illegally or arbitrarily and has clearly abused the discretion vested in it. *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 428, 133 A.2d 612; 8 McQuillin, Municipal Corporations (3d Ed.)

§ 25.67. This is such a case and the trial court has so found.

There is no error.

In this opinion the other judges concurred.