WHITNEY THEATRE COMPANY, INC. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF HAMDEN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued January 3—decided February 19, 1963

*John J. Resnik,* with whom was *Nathan A. Resnik,* for the appellant (plaintiff).

*William L. Hadden, Jr.,* with whom were *Francis P. Barberio* and, on the brief, *William L. Hadden,* for the appellee (defendant Hamden Mart, Inc.); with him also, on the brief, was *Robert W. Carangelo,* for the appellee (named defendant).

ALCORN, J.  Hamden Mart, Inc., owns property at 2300 Dixwell Avenue in Hamden.  The property is in a business CA-1 zone.  The Hamden zoning regulations do not include an indoor theater among the permissible uses in such a zone.  The property embraces about twenty-nine acres of land developed as a shopping center and occupied by twenty-three business establishments, including two department stores, a supermarket, a bank, a gasoline-repair station, a forty-lane bowling alley, a restaurant with a seating capacity for 600 persons and parking facilities for over 2000 automobiles.  Hamden Mart, Inc., applied to the zoning board of appeals for a variance of the zoning regulations to permit the construction and operation of an indoor theater on the premises, and the application was granted.  The plaintiff, claiming to be an aggrieved person under § 8-8 of the General Statutes, appealed to the Court of Common Pleas, alleging that the defendant

board had acted illegally, arbitrarily and in abuse of its discretion in granting the application. The aggrievement alleged in the appeal is that the plaintiff owns real estate on which it operates a theater and leases other space to tenants and that, because of the decision appealed from, the theater will be forced to cease operation and the value of the real estate will thereby be adversely affected. The answer filed by the board denied that the plaintiff was aggrieved. The court heard evidence on the issue and dismissed the appeal on the ground that the plaintiff was not aggrieved. The plaintiff has appealed, and the court has made a limited finding on the issue of aggrievement. The finding is not subject to correction.

The appeal raises two questions: (1) whether the court erred in concluding that the plaintiff was not aggrieved and therefore not entitled to appeal; (2) whether the action of the board in granting the variance was illegal and invalid. The court, having dismissed the appeal because the plaintiff was not aggrieved, did not pass on the validity of the board's action. If the court's conclusion concerning aggrievement is correct, then that conclusion is decisive of the case.

The plaintiff had the burden of proving that it was aggrieved. *London* v. *Planning & Zoning Commission,* 149 Conn. 282, 284, 179 A.2d 614; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 667, 154 A.2d 520. Since traffic in intoxicating liquor was not involved, this burden of proof required the plaintiff to establish that it was specially and injuriously affected in its property rights or other legal rights. *London* v. *Planning & Zoning Commission,* supra; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832. In meeting this

burden, it was not sufficient for the plaintiff to show that the action complained of would permit the operation of a business in competition with its business. *Mills* v. *Town Plan & Zoning Commission,* 145 Conn. 237, 240, 140 A.2d 871; *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 163, 128 A.2d 325; see also *Circle Lounge & Grille, Inc.* v. *Board of Appeal,* 324 Mass. 427, 429, 86 N.E.2d 920. It was the court's function to decide whether, under these well-established principles, the plaintiff had proved that it was aggrieved. *Bright* v. *Zoning Board of Appeals,* 149 Conn. 698, 704, 183 A.2d 603; *Fox* v. *Zoning Board of Appeals,* supra. The facts found by the court on this issue may be briefly summarized. The plaintiff owns a building at 1212-1222 Whitney Avenue in Hamden, three and one-half miles from the Hamden Mart shopping center. The building houses a neighborhood theater, at least twenty-one years old, which is operated by the plaintiff, and five stores. Many factors affect theater attendance, such as location, type of pictures, facilities of the theater and type of management. The plaintiff is concerned about the anticipated monetary loss which will be caused by competition with the theater proposed to be erected in the Hamden Mart shopping center. All of the evidence offered by the plaintiff to establish a possible adverse effect on the value of its real estate is based on the assumption that its theater will be forced to close because of this competition. Upon these facts, the court was correct in concluding that the plaintiff had not shown itself to be aggrieved within the meaning of § 8-8 of the General Statutes.

It is clear from the evidence referred to in the appendices to the briefs that anticipated business competition is at the heart of the plaintiff's claim

of aggrievement. Owing, in part at least, to competition from television, the annual adult attendance at the plaintiff's theater has dropped steadily from 250,801 in 1950 to 86,879 in 1958, and has now leveled off at a point where, the plaintiff claims, a 15 percent further loss in patronage will require it to close the theater. The plaintiff is fearful that the competition from a theater in the Hamden Mart shopping center will produce this result.

The plaintiff also complains that the conclusion that it was not aggrieved was erroneous inasmuch as the court had stated to the plaintiff that sufficient evidence had been offered to establish aggrievement. The claim is based on a colloquy prior to the plaintiff's decision not to call, as a witness, an out-of-state expert, who was not immediately available. From a reading of the discussion between the court and the plaintiff, it is apparent that the court's objective was to ascertain whether the suggested testimony would cover new material or be merely cumulative. The substance of the court's comment was that the primary issue was whether the plaintiff, as a matter of law, came within the definition of an aggrieved person and that merely cumulative evidence was unnecessary on that issue. At the conclusion of the colloquy, the plaintiff indicated that the contemplated evidence would be "of the same type" and chose to rest without calling the witness. The claim of the plaintiff that it was misled by the discussion is without merit.

The plaintiff, on this appeal, seeks to make the further claim that the variance granted by the board represented a change in the comprehensive zoning plan and that, under such circumstances, the plaintiff is able to establish aggrievement merely by reason of its status as a property owner in the town.

*Mills* v. *Town Plan & Zoning Commission,* 145 Conn. 237, 240, 140 A.2d 871. The record does not disclose that this claim was made in the court below, and consequently we do not consider it. Practice Book §§ 409, 154; *Harry* v. *Bidwell,* 149 Conn. 93, 98, 175 A.2d 704; *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546.

There is no error.

In this opinion the other judges concurred.