CONDILE HAYDEN *v.* ZONING BOARD OF APPEALS OF PLAINVILLE ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 92776

Memorandum filed October 26, 1965

*Wallace R. Burke,* of Hartford, for the plaintiff.

*Allen J. Segal* and *Koskoff & McMahon,* of Plainville, for the defendants.

GRILLO, J.  The institution of this appeal by the plaintiff has been met by the defendants' plea in abatement, the substantial basis of the plea being that the plaintiff, being only one of several owners of the property allegedly injuriously affected by the action of the defendant board, has an insufficient interest in the property to prosecute this appeal. In effect, the defendants aver that a part owner is, as a matter of law, precluded from appealing as an aggrieved party within the meaning of § 8-8 of the General Statutes.  To this plea the plaintiff has demurred.

Section 8-8 provides that "[a]ny person or persons severally or jointly aggrieved by any decision of said board [of appeals] . . . may . . . take an appeal to the court of common pleas."  This statute does not contain any requirement that a person must be an owner in any capacity or degree to qualify as an appellant.  Interesting to note, also, is the fact that when the legislature requires the relationship of owner to the property affected, the word "owner has been specifically set forth, especially with reference to zoning and planning legislation.  See, for example, § 8-3, requiring a protest petition to be signed by the "owners" of lots, and § 8-29, requiring notice (of filing of surveys, maps or plans) "to each record owner and to each mortgagee of record."  On the other hand, in addition to the employment of the phraseology "any person . . . aggrieved" in § 8-8, the same wording is adopted in § 8-7 (appeals to board) and in § 8-28

(appeals from municipal planning commissions). "We must assume that where the legislature used a word of different meaning, it was its intention to express an idea of a different kind . . . ." *Johnston* v. *Hartford,* 96 Conn. 142, 151.

Although an executor, administrator and cotenant are not "owners" within the meaning of legislation pertaining to protest petitions requiring their filing by "the owners . . . of the lots"; *Warren* v. *Borawski,* 130 Conn. 676, 682; one may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity. *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681.

The defendants contend that, the other coowners not having joined in the appeal, they are not aggrieved or do not consider themselves aggrieved, because if they were aggrieved, they would take the appeal also. This is a non sequitur. The plaintiff has alleged she is aggrieved. She has pleaded a threatened injury to a specific proprietary interest if the activity granted by the defendant board is pursued. She has the right, as a coowner of the premises, to establish herself as an aggrieved person as a matter of fact, to be determined by the trial court. *Whitney Theatre Co.* v. *Zoning Board of Appeals,* 150 Conn. 285, 287.

The demurrer to the plea in abatement is sustained.