SAMUEL F. BELL, TRUSTEE *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 8, 1977—decision released April 4, 1978

*Alan H. Senie,* for the appellant (plaintiff).

*Lawrence P. Weisman,* for the appellees (defendants).

LOISELLE, J. The plaintiff appealed to the Court of Common Pleas from a decision of the Westport planning and zoning commission granting the defendant, the Westport housing authority, a permit allowing for the construction of fifty multifamily housing units for the elderly within the town of Westport. Following a decision of that court dismissing the appeal, the plaintiff filed a petition for certification with this court. The petition was granted, and the plaintiff has appealed.

The facts surrounding this case are as follows: On June 25, 1975, the plaintiff, acting in his representative capacity as trustee of Bell Homes, Inc., applied to the Westport planning and zoning commission for permission to construct multifamily dwellings for the elderly on a site in the town of Westport. His application was denied and he appealed this decision to the Court of Common Pleas. From a judgment dismissing the appeal, the plaintiff, upon being granted his petition for certification, appealed to this court. In *Bell* v. *Planning & Zoning Commission,* 173 Conn. 223, 377 A.2d 299, this court, finding error in the lower court's decision, held that the applicable zoning regulations did not limit issuance of such permits to the Westport housing authority, but rather that the plaintiff was entitled to make his application. Id., 228.

In the present case, the plaintiff, again acting in his capacity as trustee,[1] appealed to the Court of

[1] The plaintiff's trustee status is stated in a single finding which reveals only that he "owns the property at East State and Whitney Streets as trustee for Bell Homes, Inc., which is a two-thirds owner and Woodhouse Associates, a one-third owner."

Common Pleas from a decision of the Westport planning and zoning commission, made on August 5, 1975, approving the application to construct housing for the elderly submitted by the housing authority for the town of Westport. The appeal was dismissed on the ground that the plaintiff had failed to demonstrate the requisite aggrievement. It is from that decision that the plaintiff now appeals to this court.

The plaintiff argues that he is "aggrieved" pursuant to General Statutes § 8-8 in that (a) as a taxpayer and resident of Westport, he is adversely affected by the commission's decision since it represents a change in the town's comprehensive zoning and development plan; (b) he is a taxpayer of the town of Westport and the proposed project for elderly housing approved by the planning and zoning commission involves the expenditure of municipal and state funds in an illegal, unconstitutional, and discriminatory manner; and (c) the age and income restrictions connected with the approved housing project unconstitutionally exclude him from qualifying for housing accommodations.

Review of an action of a planning and zoning agency exists only under statutory authority. *Schwartz* v. *Town Plan & Zoning Commission,* 168 Conn. 20, 25, 357 A.2d 495; *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 191, 319 A.2d 393. General Statutes §§ 8-8 and 8-9 permit appeals from a decision of a zoning commission only by one "aggrieved" by the contested decision. Compliance with this provision requires that the plaintiff prove both a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all mem-

bers of the community and that he was specially and injuriously affected in his property or other legal rights. *Foran* v. *Zoning Board of Appeals,* 158 Conn. 331, 334, 260 A.2d 609; *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396. Ordinarily the question of aggrievement is one of fact to be determined by the trial court on appeal. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 507, 242 A.2d 705. A court's conclusions will not be found to be erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. *Connecticut Coke Co.* v. *New Haven,* 169 Conn. 663, 675, 364 A.2d 178.

Relying upon *Mills* v. *Town Plan & Zoning Commission,* 145 Conn. 237, 140 A.2d 871, and *Mott's Realty Corporation* v. *Town Plan & Zoning Commission,* 152 Conn. 535, 209 A.2d 179, the plaintiff contends that in specific cases, such as this, a decision by a zoning or planning commission which modifies a town's comprehensive plan renders a taxpayer and resident an "aggrieved" person in accordance with the standing requirement of General Statutes §§ 8-8 and 8-9. In *Mills* v. *Town Plan & Zoning Commission,* supra, 241, it was stated that "[t]he change in the comprehensive plan, even though not the change in zone itself, could adversely affect . . . [the] plaintiffs as property owners." Subsequently, in *Mott's Realty Corporation* v. *Town Plan & Zoning Commission,* supra, 540, it was held that "[s]o far as the second *Mills* case holds that a change in the comprehensive plan of zoning necessarily creates an aggrievement, ipso facto, it is overruled." The court stated that the rule was limited to the particular factual situation surrounding *Mills,* in which the plaintiffs "would have been seriously curtailed by the adherence of the commission to

the master plan in deciding their applications for business zones in areas not designated as such in that plan." The plaintiff claims that his peculiar situation fits into the rule stated in the *Mills* case as modified by the *Mott's Realty Corporation* case. In so arguing, however, the plaintiff has failed to take into consideration this court's opinion in *Sheridan* v. *Planning Board,* supra.

In the *Sheridan* case, the issue of whether a decision effectively amending a town's zoning regulations gave rise to "aggrievement" amongst town residents and taxpayers was once again reviewed. This court there held (p. 13) that the *Mott's Realty* case "expressly overruled the contrary holding" in the *Mills* case. It then reiterated; ibid; the rule previously expressed in our cases that "[e]xcept in cases involving the sale of alcoholic beverages, aggrievement requires a showing that the plaintiffs have a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of the community as a whole, and that the plaintiffs were specially and injuriously affected in their property or other legal rights." The fact that the granting of the permit to the housing authority may affect the comprehensive plan of Westport did not render the plaintiff aggrieved as a matter of law. Further, the facts do not indicate that the plaintiff's specific interest as a trustee renders him "aggrieved" by any potential modification of the town's comprehensive plan effected by the zoning commission's decision.

The plaintiff's claim that as a taxpayer he is "aggrieved" by the alleged unconstitutional expenditure of state and municipal funds on the approved

project is equally without merit. The "aggrievement" requirement embodied in General Statutes §§ 8-8 and 8-9 derives from traditional concepts of standing which establish that "no person is entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity." *Belford* v. *New Haven,* 170 Conn. 46, 52, 364 A.2d 194; *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294. A taxpayer, to have standing, must prove that he or she is directly affected by the contested act in a pecuniary manner. *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 617, 363 A.2d 1038. This general principle is made specifically applicable to a party seeking to appeal pursuant to General Statutes §§ 8-8 or 8-9: to establish the requisite "aggrievement," the appellant must prove both "a specific, personal and legal interest in the subject matter" and that such interest was "specially and injuriously affected" by the contested decision. *Foran* v. *Zoning Board of Appeals,* supra, 334; *Sheridan* v. *Planning Board,* supra, 13.

In this case, the plaintiff has failed to show the requisite specific injury. Although the court found that town and state funds had been appropriated for the approved building project, and that the plaintiff, as a taxpayer of the state of Connecticut, will contribute to the state funds appropriated for the project, neither the findings nor the evidence indicate that the plaintiff's rights or interests have been specially and adversely affected. Cf. *Atwood* v. *Regional School District No. 15,* supra. In essence, the plaintiff's interest is no greater than that of any resident and taxpayer of the town concerned with zoning decisions as they affect the

general welfare of the community. Such an interest does not rise to the level of "aggrievement" required by §§ 8-8 and 8-9. *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832.

The plaintiff finally claims that he is "aggrieved" by virtue of the fact that, because he is under sixty-two years of age with an income which exceeds $6000 per year, he is excluded from occupancy in the proposed project in violation of his constitutional rights. If, indeed, such a constitutional infringement exists, it is the plaintiff, as an individual, who is "aggrieved." The plaintiff is appealing, however, not on his own behalf, but in his representative capacity as a trustee of Bell Homes, Inc. Under long-established principles, a party is precluded from asserting the constitutional rights of another. *Silverman* v. *St. Joseph's Hospital,* 168 Conn. 160, 171, 363 A.2d 22; *Mendez* v. *Mendez,* 160 Conn. 237, 278 A.2d 795. Accordingly, the plaintiff, acting in his capacity as a trustee, is without the requisite standing to seek redress for whatever constitutional infringements he, as an individual, may suffer. See *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 75, 193 A.2d 493.

The claimed errors directed at the court's refusal to hear certain evidence offered by the plaintiff to establish aggrievement need not be considered since the admission of such evidence would not have affected the result reached in this appeal.

There is no error.

In this opinion the other judges concurred.