[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William Boyko claims that he is aggrieved by a decision of the Zoning Commission of the Town of Monroe and is therefore entitled to appeal the decision to this court. The defendants, who are the zoning Commission, McDonald's Corporation, Josephine Ganim and Laurese Coury, claim the plaintiff is not aggrieved by the decision. I have granted the defendant's motion to dismiss the appeal on the ground the plaintiff has failed to establish aggrievement.
The plaintiff bears the burden of proving that he is aggrieved by the Commission's action. This burden of proof requires the plaintiff to establish that he is specially and injuriously affected in his property rights or other legal rights. Gregorio v. Zoning Board of Appeals, 155 Conn. 422,426 (1967); Whitney Theatre Co. v. Zoning Board of Appeals,150 Conn. 285, 288 (1963). In the absence of such proof, the appeal must be dismissed.
The plaintiff owns and operates a restaurant in Monroe. The Commission's decision will allow the development of a restaurant in close proximity to the plaintiff's property. The plaintiff contends the competition from a new restaurant will cause the value of his property to depreciate. A real estate appraiser opined that the competition will cause the value of the plaintiff's property to decline by fifteen percent. The underpinnings of the appraiser's opinion are weak and do not support the opinion. The plaintiff has established nothing more than a fear of anticipated business competition which is not sufficient to qualify the plaintiff as an aggrieved person. See Gregorio v. Zoning Board of Appeals, supra at 426; Whitney Theatre Co. v. Zoning Board of Appeals, supra at 288.
The motion to dismiss the appeal is granted.
GEORGE N. THIM, JUDGE