[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The primary issue in this appeal is whether Connecticut should continue to allow any taxpayer in a municipality to have automatic standing to appeal any zoning decision concerning property where liquor is sold.
This is an appeal from the granting of two variances by the Bridgeport Zoning Board of Appeals [hereafter the Board], for an enlargement of an existing nonconforming building and to allow relocation of a package store permit by varying the 1500 foot separation distance limitation between liquor outlets in the Bridgeport Zoning Regulations. The appellants operate a competing package store and claim that there was insufficient proof of hardship to justify the variances. The successful applicant, Cyrco Inc., questions the standing of the plaintiffs to take this appeal, arguing that they are not aggrieved by the Board's decision, and should not obtain standing to maintain the appeal based on the Connecticut case law giving any taxpayer in the municipality the right to challenge variances which permit the sale of liquor.
The issue of aggrievement must be resolved before an administrative appeal can be considered on the merits, since CT Page 10428 pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an administrative appeal.Park City Hospital v. Commission Hospitals and Health Care,210 Conn. 697, 702, 556 A.2d 602 (1989); Hughes v. Planningand Zoning Commission, 156 Conn. 505, 507, 509 242 A.2d 705
(1968); Hartford Distributors, Inc. v. Liquor ControlCommission, 177 Conn. 616, 622, 419 A.2d 346 (1979). For reasons discussed below the plaintiffs have proven neither classical nor statutory aggrievement, and this court concludes that the case law giving special status to taxpayers to challenge applications concerning liquor outlets is obsolete and should be abandoned.
The defendant Cyrco, Inc. is a Connecticut corporation which operates a liquor store at 1426 Pembroke Street in Bridgeport, and is also the owner of the subject property located at 578 Boston Avenue, in Bridgeport[1] which contains a 2000 square foot building. The named plaintiff, Jolly Inc., is the owner of property at 874 Boston Avenue. The plaintiffs Carmen Tuliano and Richard Tuliano own the stock of Jolly Inc. and are officers in the corporation. The existing package store at 1426 Pembroke Street is about 500 feet from the plaintiffs' store at 874 Boston Avenue, a considerably closer distance than the proposed package store for the property at 578 Boston Avenue, which is 1430 feet away.
In November 1993 Cyrco filed two variance applications with the Board. One application requested a variance of two sections of the zoning regulations, the setback provision for the zone in Chapter 20 § 3, which limits the enlargement and extension of nonconforming buildings and uses. The other application was to vary chapter 17 § 2 to allow the relocation of the existing package store liquor permit on 1426 Pembroke Street to 578 Boston Avenue. On January 11, 1994 the defendant held a public hearing on both applications and granted them. The first variance allowed a 14 foot extension to the existing building on the subject property. The Board allowed the variance for the addition because it was in conformity with development in the immediate area without any detrimental effects, and resulted in an improvement in the appearance of the subject property. The plaintiffs are not affected by this variance and have not proven either statutory or classical aggrievement sufficient to challenge it on the merits. The second variance, concerning the 1500 CT Page 10429 foot separation provision for liquor outlets, was granted by the board which gave two reasons for its decision: (1) the proposed location is a greater distance from the closest liquor outlet than the present location of the applicant's store; (2) there is a hardship resulting from activities of the City of Bridgeport, which has demolished residential structures for the construction of a public school and installed roadway barriers, resulting in the inability of the applicant to maintain a viable business at 1426 Pembroke Street.
Appeals from the decisions from a zoning board of appeals are taken pursuant to § 8-8 of the General Statutes, which allows an appeal to be taken by "any person aggrieved by any decisions of a board." § 8-8(b) C.G.S. An "aggrieved person" includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the board. Section 8-8(a)(1). The plaintiffs' property is more than 100 feet from the subject property and does not abut it, so they have not proven statutory aggrievement. See Pierce v. Zoning Board ofAppeals, 7 Conn. App. 632, 636 509 A.2d 1085 (1986) on the difference between classical and statutory aggrievement. In order to have standing to appeal under the concept of classical aggrievement, the appellant must meet a two part test: (1) a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; and (2) that this specific, personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning Zoning Commission, 176 Conn. 475, 478, 408 A.2d 252 (1979);Schwartz v. Town Plan Zoning Commission, 168 Conn. 20 25357 A.2d 495 (1975); Johnson v. Zoning Board of Appeals,156 Conn. 622, 623, 238 A.2d 413 (1968). Aggrievement is established if there is a possibility as distinguished from a certainty, that some legally protected interest has been adversely affected. Hall v. Planning Commission, 181 Conn. 442,445, 435 A.2d 975 (1980). However, the plaintiffs have not met their burden of proof that they are specially and injuriously affected by the shifting of the package store from 1426 Pembroke Street to 578 Boston Avenue. The plaintiffs' store is 1430 feet, or almost five football fields, from the subject property. There is no evidence of any adverse affect from an increase in traffic, change in CT Page 10430 traffic patterns or any physical impact upon the plaintiffs' property by the opening of a package store in an existing building 1430 feet away.
The impact claimed by the plaintiffs amounts to a speculative fear of loss of economic advantage, or more specifically concern that the proposed package on the subject property will cut into the plaintiffs' liquor business. However, a business competitor of a successful applicant for a variance, zoning permit or special exception is not classically aggrieved without a showing of injury to his property rights, and merely being a business competitor is insufficient. Mott's Realty Corporation v. Town Plan Zoning Commission, 152 Conn. 535 209 A.2d 179 (1966); Gregorio v.Zoning Board of Appeals, 155 Conn. 422, 426 232 A.2d 330
(1967); Whitney Theater Co. Zoning Board of Appeals,150 Conn. 285, 288 189 A.2d 396 (1963). An economic or business interest which is injuriously affected by an action of a land use agency can form the basis for aggrievement as long as the impact is not speculative, specially affects the plaintiff differently from others, and the business is in close proximity to the property involved in the agency's decision. See Levine v. Police Commission, 28 Conn. App. 344, 355
(1992).
 "The prevention of competition is not a proper element of zoning. A person whose sole interest for objecting to the zoning board's action is to prevent competition with his business is not a person aggrieved. It is not the function of ordinances to provide economic protection for existing enterprises, and the fact that such businesses may suffer reduced incomes or that the property would depreciate in value will not confer standing on these owners to challenge" a zoning decision. 83 Am.Jur.2d 865, 866, Zoning and Planning § 1034.
In this case any economic impact on the plaintiffs' business is highly speculative. The new package store location is actually 1000 feet further away from it than the package store at 1426 Pembroke Street which is being discontinued. The number of package stores in the area will remain the same, and the record does not indicate that the CT Page 10431 size of the store will be increased. While the concrete barriers erected by the City of Bridgeport for crime prevention purposes have evidently restricted access to the store at 1426 Pembroke Street, it is uncertain the package store will take business customers from the plaintiffs, even though the applicant's economic prospects are brighter with the proposed new location. Moreover, the location of two similar businesses in the same area may in fact draw new business customers, benefitting [benefiting] both stores, and relocation of the package store may bring customers who had difficulty getting to 1426 Pembroke Street because of the concrete barriers.
While the plaintiffs have failed to prove classical aggrievement as business competitors, they also claim standing to maintain this appeal based on the concept that any taxpayer in the municipality is considered aggrieved without having to show an affected specific personal interest in the decision appealed from if it involves liquor outlets. Numerous cases, none of them recent, have recognized this concept. Macaluso v. Zoning Board of Appeals, 167 Conn. 596,600, 601 356 A.2d 885 (1975); Dolan v. Zoning Board ofAppeals, 156 Conn. 426, 428, 242 A.2d 713 (1968); M R.Enterprises Inc. v. Zoning Board of Appeals, 155 Conn. 280,281 231 A.2d 2727 (1967); Cowles v. Zoning Board of Appeals,153 Conn. 116, 117, 214 A.2d 361 (1965); Tyler v. ZoningBoard of Appeals, 145 Conn. 655, 660, 145 A.2d 832 (1958);Zuckerman v. Zoning Board of Appeals, 144 Conn. 160, 164,128 A.2d 325 (1956); O'Connor v. Zoning Board of Appeals,140 Conn. 65, 72, 98 A.2d 515 (1953); Kamerman v. LeRoy,133 Conn. 232, 237, 50 A.2d 175 (1946); Jackson's Inc. v. ZoningBoard of Appeals, 21 Conn. Sup. 102, 106, 107, 145 A.2d 241
(1958). See also Farr v. Zoning Board of Appeals, 139 Conn. 577,583, 95 A.2d 792 (1953); Edelson v. Zoning Commission,2 Conn. 595, 597, 481 A.2d 421 (1984). In order to have standing in cases involving permits for property where liquor is sold, the appellants must only prove that they are taxpayers in the municipality. Hartford Distributors, Inc. v.Liquor Control Commission, 177 Conn. 616, 621 n. 419 A.2d 346
(1979). They have standing as taxpayers to the same extent as other taxpayers in the municipality to maintain the appeal since the decision concerns a liquor outlet, Zuckerman v.Board of Zoning Appeals, supra 163, 164, if the rule in the cases previously cited remains valid. The last Supreme Court decision to consider the issue was Macaluso v. Zoning BoardCT Page 10432of Appeals, decided in 1975. Since then the court has stated, in at least one case, that "a taxpayer, to have standing, must prove that he or she is directly affected by the contested act in a pecuniary manner." Bell, Trustee v.Planning Zoning Commission, 174 Conn. 493, 498,391 A.2d 154 (1978). Where the appellant's interest is no greater than that of any resident and taxpayer of the town concerned with zoning decisions as they effect the general welfare of the community, that interest does not rise to the level of "aggrievement" required by § 8-8, even where tax implications follow the granting of a special permit by the land use agency. Id. 498, 499.
What exists now under Connecticut law is an apparent inconsistency; taxpayers do not have a sufficient interest in their capacity as taxpayers to appeal decisions of zoning agencies, even though a decision affects the general welfare of the community, except where liquor is involved, although the sale and use of liquor may also involve risk of injury to the general welfare of the municipality. See Macaluso vs.Zoning Board of Appeals, supra, 601. Macaluso and the earlier decisions are derived from and rely upon Beard'sAppeal from County Commissioners, 64 Conn. 526, 533, 534,304 A. 775 (1894), which held that any resident taxpayer of a town could challenge the decision of the county commissioners in granting a license for the sale of liquors in the town and appeal to the Superior Court without showing any specific grievance or interest in the matter peculiar to himself.Beard's Appeal was decided in 1894, about 30 years before the concept of zoning was approved and zoning ordinances and statutes enacted in Connecticut, and before significant revisions to the liquor control statutes. The reason for allowing any resident taxpayer to appeal the approval of a liquor license is stated in Beard's Appeal as follows: at page 534:
 Every owner of property, assessed in the grand list of the town in which he resides, has a substantial interest in the prosperity and good order of that town. The expense of the local police of any town, as well as of criminal proceedings before its local tribunals, is largely dependent on the number of the liquor saloons and bar rooms within its limits, and the character of CT Page 10433 those who keep them. If licenses are granted with too free a hand, or without proper discrimination, the burdens of taxation are likely to be increased. Every taxpayer therefore has a certain though it may be small pecuniary interest in having the license law well administered; and if he is also a resident in the town where he pays his taxes, he has an additional interest, common to every citizen, in promoting the general welfare of the community. In view of these considerations, we think that any resident taxpayer of a town who feels aggrieved at the granting of a license for the sale of liquors therein, has the right of appeal under the Act of 1893, and that he is not bound to show any grievance or interest in the matter peculiar to himself, either in his own motion for an appeal before the court commissioners, or by reasons of appeal in the Superior Court.
The same quotation occurs in O'Connor v. Board of ZoningAppeals, supra, 71, 72, decided in 1953 and in Zuckerman v.Board of Zoning Appeals, supra, 163, 164, decided in 1956. What these decisions and other cases relying on the same rule overlook, however, is the distinction between the statute referred to in Beard's Appeal and the zoning appeal statute, now § 8-8 of the General Statutes. Beard's Appeal was based on a section of the public acts of 1893 which allowed an appeal to the Superior Court from a decision of county commissioners granting a license to sell liquor to "any taxpayer of the town in which the business carried on under such license is to be transacted, who shall be aggrieved."Beard's Appeal, supra 533. In contrast, § 8-8(a) and (b) does not confer any special status for aggrievement purposes on taxpayers of the municipality or allow them to appeal particular types of zoning decisions. The only exceptions to this are persons who own land that abuts or is within 100 feet of any portion of the land involved in the decision of the land use agency, and municipal officials charged with enforcement of the orders or decisions of the land use agency. Otherwise, in order to have standing to bring an appeal, the appellant must be aggrieved by the agency's decision and meet the two part test for classical CT Page 10434 aggrievement. In states where taxpayers have standing appeal zoning decisions, that right is generally expressly conferred by statute, either by adoption of the original standard state zoning enabling act provision conferring standing on taxpayers, or some comparable provision. See 4 Anderson,American Law of Zoning 3d, § 27.16. But absent such a provision, a taxpayer does not have standing appeal zoning decisions unless he is specially affected by them. Bell,Trustee, v. Planning Zoning Commission, supra, 498. See also Coventry v. Hickory Camp Ground, Inc., 114 R.I. 581,377 A.2d 233 (1975). Moreover, other states do not confer special standing upon taxpayers to appeal land use decisions merely because they involve property which is proposed for package stores or other liquor sales.
The concept first stated in Beard's Appeal, 64 Conn. 526,533, 30 A. 775 (1894) did not surface again untilKamerman v. LeRoy, supra, was decided in 1946. In Kamerman,
several owners of package stores and residential property in the neighborhood of a proposed additional package store appealed the granting of a variance for a 1500 foot separation distance provision in the zoning ordinance. The decision states that the question concerns the intention of the General Assembly in the words "any person or persons aggrieved" in a special act allowing appeals from variances acted by the zoning board of appeals and incorporated into the Hartford City Charter. After stating that being business competitors did not make any of the plaintiffs "aggrieved persons" it was recognized that that concept would:
 "include at least any landowner or resident within the city whose situation is such that the decision of the board may adversely affect him in the use of property owned or occupied by him in some manner within the scope of the purposes of zoning ordinance. The precise character of the interest of persons in this class is pointed out in Beard's Appeal, 64 Conn. 526, 533, 30 A. 775, and the distinction there made between such persons and appellants claiming to be aggrieved by a probate decree is illuminating . . . At least such of the plaintiffs as were landowners were persons `aggrieved' by the decision of the board CT Page 10435 permitting an additional package store in their immediate neighborhood." (citations omitted). Kamerman v. LeRoy, supra, 133 Conn. at 237, 238.
The trial court in Kamerman had found aggrievement but the finding only stated that the appellants were the owners of package stores and residential property in the neighborhood. They arguably had proven aggrievement because they were specially affected by the board's decision. On appeal the decision did not discuss the difference between the zoning appeal provision in the special act, which did not cover a special right to appeal from taxpayers or for rulings concerning locations where liquor was sold, and the statute in Beard's Appeal which conferred standing to appeal a license to sell liquor upon any taxpayer in the town. The later decisions, relying on Kamerman and Beard's Appeal, also overlook this critical difference in the statutes, and do not discuss it. If the Legislature had intended to confer automatic standing to appeal on any taxpayer or resident of the municipality where the decision of the board involved liquor sales it could have expressly done so, as it has done with statutory aggrievement of abutting and nearby landowners in § 8-8 of the General Statutes.
The cases subsequent to Beard's Appeal, to the extent they discuss justifications for allowing automatic appeals by all resident taxpayers from decisions concerning liquor locations, have similar policy considerations. Tyler v.Board of Zoning Appeals, supra, 145 Conn. at 661 indicates that the special rule is warranted because (1) there is a pecuniary affect upon every taxpayer resulting from the incidents of liquor traffic, and (2) there is a possible source of danger from liquor traffic to the public which is not inherent in other businesses allowing distinctive and particular treatment. It is difficult to see how any taxpayer could have an increase in taxes by the shifting of one small package store from one location to another within a city with a population of about 150,000 people. As for the second ground, it is more germane to locations where liquor is consumed, such as bars, taverns, and restaurants, than places where is it merely sold such as a package store. The danger to the public is no more inherent in a liquor package store than many other retail or wholesale stores which sell products which can be dangerous if misused off the premises CT Page 10436 such as automobiles, prescription drugs, chemicals or firearms. Some related policy reasons are stated in O'Connorv. Board Zoning of Appeals, 140 Conn. at 70, 71: The liquor traffic is a business which may be dangerous to public health, safety and welfare, intoxicated drivers pose a danger to others, and some serious crimes result from the excessive use of alcohol. However, the proximate cause of these problems is imprudent consumption by the buyer, not the liquor itself, the delivery of it by the seller or the location of the liquor sales outlet. Boehm v. Kish,201 Conn. 385, 389, 517 A.2d 624 (1986); Kowal v. Hofher,181 Conn. 355, 357-58, 436 A.2d 1 (1980). The policy considerations stated in the cases are debatable, but more important they do not negate the fact that the Legislature has not written a specific provision into the zoning appeal statutes allowing automatic standing where liquor outlets are involved, which it easily could have done by a similar provision to the one which was involved in Beard's Appeal.
In addition, control over the liquor business is now strictly maintained through the Liquor Control Act, chapter 545 of the General Statutes [§§ 30-1 through 30-113] and by municipal zoning regulations containing separation distances between liquor outlets and limitations on zones where sales of liquor is a permitted use. Section 30-44 of the General Statutes prevents the Department of Liquor Control from issuing permits for the sale of liquor where prohibited by the municipal zoning ordinance. Each municipality can also limit the classes of permits that are allowed within it. Sections 30-9 and 30-120 C.G.S. Even if a particular property can be used for sale of liquor as a permitted use or nonconforming use under the zoning regulations, the Department of Liquor Control does not have to issue a liquor permit unless it finds the applicant and the premises to be suitable. Sections 30-46(a) and 30-47 C.G.S. This includes the power to reject an application if there are already too many outlets in the area. Section 30-46(a)(3). Gulia v.Liquor Control Commission, 164 Conn. 537, 538, 325 A.2d 455
(1973); Campisi v. Liquor Control Commission, 175 Conn. 295-297,397 A.2d 1365 (1978).
Separation distances, such as the 1500 foot provision in the Bridgeport zoning regulations, also are a valid land use control over liquor sales, and protect the public interest by limiting the number of locations where liquor can be sold. CT Page 10437 See Young v. American Mini Theatres, Inc., 427 U.S. 50, 62
(1976); Dolan v. Zoning Board of Appeals, supra 429; Kallay'sInc. v. Katona, 152 Conn. 546, 549, 209 A.2d 185 (1965);Santini v. Zoning Board of Appeals of Bridgeport, 149 Conn. 290,179 A.2d 621 (1962); Miller v. Zoning Commissioner ofBridgeport, 135 Conn. 405, 408, 65 A.2d 577 (1949).
The interlocking scheme of controls by the municipal zoning ordinance and the Department of Liquor Control mitigate possible harm to the public interest expressed in the cases upholding the liquor exception. Under the present scheme of liquor control there are many kinds of permits, and as a practical matter many of them create no danger to the public or result in turning intoxicated drivers or criminals loose in the municipality. See the classes of permits in § 30-15 of the General Statutes. Maintaining an automatic appeal for any taxpayer in the municipality where a liquor permit is granted for any type of sale is unrealistic under the modern scheme of liquor regulation. Many if not most businesses conducted under one or more of the categories of liquor permits pose no greater danger to the public safety, morals or welfare than other businesses, including many types of retail stores, warehouses, garages, service stations and adult book stores.
As with other uses, there should be a factual determination in each case whether the proposed use has a sufficient impact upon the public interest to allow any taxpayer within the municipality to appeal. In this case, which involves approval of relocation of a package store, there should not be an automatic appeal, and the evidence presented to the court does not show any adverse impact upon any taxpayer of Bridgeport, including the plaintiffs. By reviewing variance applications the zoning board of appeals protects the public interest, and the statute declares the board to give "due consideration for conserving the public health, safety, convenience, welfare and property values." Section 8-6(3) C.G.S. In addition to the hardship requirement, a variance cannot be granted if it substantially affects the comprehensive zoning plan. Whittaker v. ZoningBoard of Appeals, 179 Conn. 650 656, 427 A.2d 1346 (1980);Miclon v. Zoning Board of Appeals, 173 Conn. 420, 423, 424,378 A.2d 531 (1977). Members of a land use agency are presumed to have done their duty until the contrary appears.Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, CT Page 10438 537, 525 A.2d 940 (1987); Murach v. Planning ZoningCommission, 196 Conn. 192, 205, 491 A.2d 1058 (1985).
Since the plaintiffs have not proved aggrievement, as property owners in the general vicinity of the subject property, business competitors, or taxpayers of the municipality, there is no subject matter jurisdiction over the appeal, and it must be dismissed. Ordinarily it is not appropriate for the court to rule on the merits of the appeal where there is no subject matter jurisdiction Marshall v.Clark, 170 Conn. 199, 205, 365 A.2d 1202 (1976). However, the plaintiffs did have standing as resident taxpayers to challenge the variance for a package store under prior case law. A higher court may have a different view on Whether the rule on standing in liquor cases should be changed, and in the interest of judicial economy a ruling on the merits is appropriate here if the plaintiffs successfully appeal on the aggrievement issue.
If the plaintiffs have standing to take this appeal, the court agrees that the applicant failed to prove hardship and the board should not have granted the variance. In order for a zoning board of appeals to grant a variance under § 8-6(3) of the General Statutes, two conditions must be met: (1) the variance must be shown not to substantially affect the comprehensive plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 360
368, 537 A.2d 1030 (1988); Smith v. Zoning Board ofAppeals, 174 Conn. 323, 326, 387 A.2d 542 (1978). Whenever a zoning board of appeals a variance it is required to state the reasons for its action, as provided in § 8-7 of General Statutes. On appeal the question is whether the reasons assigned by the board are reasonably supported by the record and are pertinent considerations for granting a variance.Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,152, 153, 365 A.2d 387 (1976); Iannucci v. Zoning Board ofAppeals, 25 Conn. 85, 89, 592 A.2d 970 (1991).
Neither of the reasons assigned by the board for granting the variance or support a finding of hardship for the subject property at 578 Boston Avenue. The hardship found by the Board relates to the property at 1426 Pembroke Street, but it was not the subject of the variance CT Page 10439 application. The first reason, problems with maintaining a viable package store business at 1426 Pembroke Street due to construction activities and placement of concrete roadway barriers by the City, is not a hardship as to the subject property even though both parcels have the same owners. The second reason assigned was that the new location is a greater distance from other liquor outlets than the property at 1426 Pembroke Street. That may arguably lessen the adverse impact on the area or the municipality, and not adversely affect the comprehensive zoning plan, but it is not germane to any hardship in denying use of the subject property for a package store. The hardship required for a variance must be one that originates in the zoning ordinance itself. Pollard v. ZoningBoard of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982). A property owner is not entitled to a variance where the hardship claimed is not different in kind from that generally affecting property in same zoning district, namely where the hardship is not unique or unusual. Carini v. Zoning Board ofAppeals, 164 Conn. 169, 172, 319 A.2d 390 (1972); Garibaldiv. Zoning Board of Appeals, 163 Conn. 235, 238, 303 A.2d 743
(1972); Spencer v. Zoning Board of Appeals, 15 Conn. App. 387,391, 544 A.2d 676 (1988).
At least three cases have held that a variance is not properly granted for the same section of the Bridgeport Zoning Regulations, even where a parcel of land was condemned by the state (a hardship not originating in the zoning regulations) and the property owner proposed to relocate to another location within 1,500 feet of another property selling liquor under a tavern, restaurant, druggist or package store permit. Goldberger v. Zoning Board of Appeals,153 Conn. 312, 216 A.2d 424 (1966); Paget v. Zoning Board ofAppeals, 153 Conn. 715, 217 A.2d 58 (1966); Maraczi v. ZoningBoard of Appeals, 155 Conn. 500, 234 A.2d 824 (1967) A similar result was reached in Garibaldi v. Zoning Board ofAppeals, supra, where a personal hardship resulting from an attempt to relocate a liquor package store after the property was taken by condemnation did not provide sufficient grounds for granting a variance of a zoning regulation that prohibited establishment of retail liquor stores within 1000 feet from other premises used for sale of alcoholic liquor under a package store liquor permit. Other cases, finding no hardship for allowing a variance of separation distances between liquor outlets are Dolan v. Zoning Board of Appeals,
supra, and Rafala v. Zoning Board of Appeals, 135 Conn. 142, CT Page 1044062 A.2d 337 (1948). As pointed in Dolan, 156 Conn. at 430: "It would be a rare case where owing to conditions especially effecting a given piece of property, a regulation which prescribes a minimum distance between certain types of liquor outlets would cause a hardship different in kind from that felt by other properties in the zone . . . (E)vidence of financial disappointment alone is an insufficient basis for varying the application of this type of regulation." (some material omitted). Absent a situation amounting to confiscation, financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance, and does not constitute hardship. Garibaldi v.Zoning Board of Appeals, supra, 239; Dolan v. Zoning Board ofAppeals, supra, 431; Carlson v. Zoning Board of Appeals,158 Conn. 86, 89, 255 A.2d 841 (1969).
As in Goldberger v. Zoning Board of Appeals, supra, 315, the record does not establish that the 1500 foot restriction has in any way affected the use of the proposed location for any permitted use in the zone, and there is no evidence of hardship as to that location. Hardship as to the applicant's other property does not qualify the subject property for a variance.
Even though the variance should not have been granted, the plaintiffs have not proven aggrievement, and the appeal is dismissed.
ROBERT A. FULLER, JUDGE