[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff William H. Wilson appeals the decisions of the defendant Planning and Zoning Commission of the town of Suffield adopting the 1999 revision of the town's Plan of Conservation and Development, including as an addendum the Suffield Open Space Plan and Land Preservation Program CT Page 2094 recommended by the Suffield Conservation Commission. The plaintiff appeals pursuant to Connecticut General Statutes §§ 8-8 and 8-28. The court finds the issues in favor of the defendant commission.
The facts necessary to the court's decision are not in dispute and are reflected in the record and in the hearing held by the court on the issue of aggrievement.
The plaintiff, a builder/developer, owns two parcels of land in Suffield, one of eighty-five acres, the other thirty-five acres. He has not applied for a subdivision of either parcel.
On December 20, 1999, following a public hearing, the defendant commission adopted Chapters I through X of a Plan of Conservation and Development, being a revision of a previous plan. Thereafter, at a meeting of the commission on January 24, 2000, the defendant commission received and reviewed an Open Space Plan that had been prepared by the Conservation Commission. The Open Space Plan provides that it be submitted to the defendant commission for a determination as to whether it is consistent with the defendant commission's Plan of Conservation and Development. The defendant commission determined that the Open Space Plan is consistent with the new Plan of Conservation and Development and, at a meeting on January 24, 2000, voted to include the Open Space Plan as an "addendum" to the Plan of Conservation and Development. It is this Open Space Plan that is the basic subject of this appeal.
The Open Space Plan is not a change in zoning, and in its present form it is not binding on any landowner. Rather, by its own terminology, the Open Space Plan is a recommendation that a large portion of the residentially zoned land in the town be preserved as open space. Specifically, the Plan recommends that 55% of such land, or 13,558 acres, be preserved as open space. Noting that 9,361 acres are currently preserved, the Plan recommends that an additional 4,197 acres be added to the open space bank. The recommendation does not target any particular property, but rather calls for areas consisting of fifteen acres or more to be so designated. In order far the Plan to be implemented, the town would have to enact an ordinance. It has not done so.
Since the plaintiff's parcels exceed fifteen acres, they would be affected by the Plan in the event the town should enact it in its present form as a zoning ordinance. In particular, the plaintiff's rights to subdivide his parcels would be curtailed.That is the plaintiff's claim of aggrievement. The defendant commission contends that this claim is insufficient. The court agrees. CT Page 2095
First, it is plain that the plaintiff is not statutorily aggrieved because the Plan does not target his property or, for that matter, any specific property or location. Secondly, the plaintiff is not classically aggrieved.
 A change in the comprehensive plan affecting the community as a whole does not create aggrievement for property owners in the municipality . . . The possibility that a property owner may have difficulty in the future in subdividing his undeveloped property does not amount to aggrievement sufficient to appeal amendments to the subdivision regulations. (Emphasis added.)
Fuller, Land Use Law and Practice, § 32.5, citing Sheridan v.Planning Board, 159 Conn. 1 (1969); Bell v. Planning and ZoningCommission, 174 Conn. 493 (1978). See, also, to the same effect, Lewisv. Ridgefield Planning and Zoning Commission, Superior Court at Danbury, Docket No. CV 98 033 32 78, May 21, 1999, Radcliffe, J.).
Proof of aggrievement is, of course, a jurisdictional prerequisite to maintaining an appeal of the defendant commission's decisions. In this case, the plaintiff has not met that requirement.
The appeal is dismissed.
Maloney. J.