[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
On January 11, 1993 this court rendered a decision dismissing this action for failure to make out a prima facie case at trial. The plaintiff appealed. On December 7, 1993 the Supreme Court issued an opinion which concluded that the record before it was insufficient to determine whether the plaintiff had standing to CT Page 6763 maintain this action. The Supreme Court set the trial court's judgment aside and remanded the case for further proceedings.Sadloski v. Manchester, 228 Conn. 79, 84, 85, 634 A.2d 888 (1993).
At oral argument on the Defendants' Motion for Judgment all parties agreed that the issue to be considered by this court was whether the plaintiff has established her standing. The undersigned has reviewed the transcript of the trial and exhibits submitted at the trial and finds that the plaintiff has not established her standing to challenge the conduct of the defendant Town of Manchester.
At trial the remaining plaintiff in this action, Virginia Celinski, established that she was a taxpayer of the town of Manchester. The plaintiff's status as a taxpayer does not automatically give her standing to challenge the actions of the defendant town. Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 549, 427 A.2d 822 (1980); Bell v. Planning Zoning Commission, 174 Conn. 493, 497-98, 391 A.2d 154 (1978);Belford v. New Haven, 170 Conn. 46, 52-53, 364 A.2d 194 (1975). The plaintiff must also prove that the allegedly improper conduct by the town caused her to suffer some pecuniary or other great injury. Alarm Applications Co., supra, at 53;Belford, supra, at 53, Atwood v.Regional School District No. 15, 169 Conn. 613, 617,363 A.2d 1038 (1975). The plaintiff cannot prove standing by showing merely that her tax dollars have contributed to the challenged project, Bell, supra, at 498, she must prove that the project has directly or indirectly increased her taxes.
At trial the plaintiff produced no evidence that her taxes would increase as a result of the Tax Assessment Agreement (the "Agreement") between the town of Manchester and The Mall at Buckland Hills Partnership. That Agreement fixed at $7,000,000 the real estate assessment of a 115 acre parcel of land in Manchester, which was previously assessed at $309,650, for a period of time not to exceed seven years. The Agreement provided that $9,500,000 was the maximum benefit in tax savings that the Developer could derive, and required the developer to make expenditures in the estimated amount of $15,000,000 for improvements to the property, which included that installation of roads, and sewer and water lines.
The plaintiff relies on the case of American-Republican, Inc.v. Waterbury, 183 Conn. 523, 441 A.2d 23 (1981) to support her CT Page 6764 claim of standing. In that case the Waterbury Housing Authority obtained property for public housing using federal funds. This resulted in the removal of the property from the tax rolls of the City of Waterbury, and also a forgiveness of three-quarters of the tax due to the city on the property. The trial court found that the removal of the property in question from the town tax list would cause a loss in revenue to the city. It appears that the trial court assumed that this loss of revenue would result in an increase in the plaintiff's taxes because the court held that such a revenue loss was sufficient to establish the plaintiff's standing. The Supreme Court did not comment on the propriety of the assumption that a decrease in the city's taxes meant an increase in the plaintiff's taxes. However, it did sustain the trial court's finding that the plaintiff had standing and stated:
 Standing "is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." Maloney v. Pac, 183 Conn. 313, 320, 439 A.2d 349 (1981). A colorable claim of a pecuniary loss, regardless of its magnitude, satisfies this criterion for standing.
183 Conn. at 527-528.
At the trial the plaintiff introduced the testimony of Richard Pomp, a professor at the University of Connecticut School of Law, who opined that if all other factors with respect to the financial status of the town of Manchester remained the same, and the Agreement was nullified, then there would be a financial impact on the town. Professor Pomp was not prepared to and did not express any opinion as to whether the plaintiff's taxes would increase as a result of the Agreement.
The plaintiff argues that the facts of this cases relating to the issue of standing are analogous to those of American-Republican,Inc. v. Waterbury, supra. This court disagrees.
In this case the assessed value of the property in question before the execution of the Agreement was tens of millions of dollars less than that value after the execution of the Agreement. Under the terms of the Agreement, the developer agreed to provide improvements to the property such as road, and sewer and water line CT Page 6765 construction. The estimated cost of the improvements was $15,000,000. Therefore, if the Agreement was nullified, the town of Manchester might obtain $9,500,000 in taxes, but it might just as well be required to pay $15,000,000 to reimburse the developer for improvements. Thus, it is not at all clear what effect the nullification of the Agreement will have on the Manchester tax receipts.
In American-Republican a property with a known assessment and a known tax bill was taken off of the tax roles. The relationship between that event and the town's tax receipts was, therefore, easily discernible.
The plaintiff's standing argument is based on a comparison of the effect on the plaintiff if the Agreement is nullified. In all other cases in which the Courts have considered the issue of standing, including the American-Republican case, standing is determined based on the effectuation of the town's allegedly illegal contract, not on its nullification. See Belford v. NewHaven, supra; Atwood v. Regional School DistrictNo. 15, supra; Bassett v. Desmond,140 Conn. 426, 101 A.2d 294 (1953). In Bassett the Connecticut Supreme Court stated:
 [T]he plaintiff, relying as he was upon his status as a taxpayer of the town, was obligated to prove some pecuniary or other great injury to himself. It was not enough that he could qualify as a taxpayer. He had to go further. He had to establish that the alleged illegal contract would, if carried out . . . result, directly or indirectly, in an increase in his taxes or would, in some other fashion, cause him irreparable injury.
140 Conn. at 430. Emphasis added.
The plaintiff has also failed to establish her standing to raise an Equal Protection Claim. Only members of a class whose constitutional rights are endangered by a statute may ask to have it declared unconstitutional. Shaskan v. Waltham IndustriesCorporation, 168 Conn. 43, 49, 357 A.2d 472 (1975). The plaintiff has argued that as the owner of one residence, she is in the same class as the defendant Partnership, owner of commercial development property. The foregoing argument ignores the distinction that the legislature made between residential and commercial property. See, e.g. Connecticut General Statutes §§ 12-62b, 12-62d. CT Page 6766
In the Memorandum of Decision filed on January 11, 1993 the undersigned set forth the reasons for the court's decision that the plaintiff had failed to make out a prima facie case. That decision is incorporated herein and judgment may enter for the defendants.
By the Court,
Aurigemma, J.