[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision On Motion to Dismiss (#102)
On September 29, 1996, the plaintiff, Walter J. Lewis, Jr., filed an appeal from a decision of the Clinton Zoning Board of Appeals ("ZBA") claiming that the Zoning Enforcement Officer ("ZEO") failed to enforce the town's zoning regulations. CT Page 2565
The following facts give rise to this action. On January 31, 1995, the Clinton Planning and Zoning Commission ("PZ") approved a site plan to allow a retail store complex at 20 Killingworth Turnpike in Clinton. After the site was approved, the defendant, Chelsea G.C.A. Realty Partnership, L.P. ("Chelsea"), d/b/a Connecticut Factory Stores, purchased the subject property and constructed a retail factory outlet complex on it, which is currently in operation.
In June of 1996, the plaintiff claimed that there were three zoning violations on the subject property and that construction was not in accordance with the approved site plan. When the ZEO failed to issue a cease and desist order, the plaintiff appealed to the defendant ZBA. After a hearing, the ZBA dismissed the plaintiff's appeal. The plaintiff then filed the present appeal.
The defendant, Chelsea, has filed a motion to dismiss on the ground that the plaintiff does not have standing to maintain the appeal because he is not aggrieved by the decision of the ZBA. The court agrees that the plaintiff has failed to prove aggrievement.
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "The question of aggrievement is essentially one of standing. . . ." (Citations omitted; internal quotation marks omitted.) State Library v.Freedom of Information Commission, 41 Conn. App. 641, 647,677 A.2d 470 (1996). "It is [therefore] fundamental that, in order to have standing to bring an [appeal], a person must be aggrieved."United Cable Telephone Serv. v. Dept. of Public Utility,235 Conn. 334, 342, 663 A.2d 1011 (1995). "The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact." Id., 343.
The courts have set forth the two ways in which a party may qualify as aggrieved under Connecticut law: "statutory aggrievement" and "classical aggrievement." Pursuant to General Statutes § 8-8 (a), a person may derive standing to appeal based solely upon his status as an abutting landowner or as a landowner within 100 feet of the subject property; this type of aggrievement is referred to as "statutory aggrievement." ZoningBoard v. Planning Zoning Commission, 27 Conn. App. 297, 301,605 A.2d 885 (1992). CT Page 2566
The test for "classical aggrievement" has long been recognized by our courts. "[It] encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision. . . ." (Citations omitted; internal quotation marks omitted.) United Cable Telephone Serv. v. Dept. of PublicUtility, supra, 235 Conn. 342-43.
"It [is] the function of the trial court to determine first, whether the [plaintiff's] allegations, if proved, would constitute aggrievement as a matter of law, and second, whether the [plaintiff] had proved the truth of those allegations." (Citations omitted.) New England Rehabilitation Hospital, Inc. v.CHHC, 226 Conn. 105, 122, 627 A.2d 1257 (1993).
In the present case, there is no evidence that the plaintiff owns land that abuts or is within a radius of one hundred feet of the subject property. Therefore, the court finds that the plaintiff is not "statutorily aggrieved" within the meaning of General Statutes § 8-8. Additionally, the court finds that the plaintiff's "[m]ere status as a party or a participant before an administrative agency does not in and of itself constitute aggrievement for purposes of appellate review." (Citations omitted; internal quotation marks omitted.) New EnglandRehabilitation Hospital, Inc. v. CHHC, supra, 226 Conn. 132. The court must "look behind the label of `party status' to see if there [are] facts in the record to establish that the [plaintiff has] a specific personal and legal interest in the subject matter of the decision . . ." Id., 136.
The plaintiff claims that as a resident and taxpayer of Clinton he has standing to appeal. However, the plaintiff's status as resident and taxpayer is insufficient to amount to aggrievement as required by General Statutes § 8-8. The Court has held that an individual "whose interest is merely that of a resident and taxpayer of the town concerned with the strict enforcement of the zoning regulations for the general welfare of the community, is not entitled to maintain an appeal as an aggrieved person. . . ." (Citations omitted; internal quotations CT Page 2567 marks omitted.) Munhall v. Inland Wetlands Commission,221 Conn. 46, 51, 602 A.2d 566 (1992); see also Bell v. Planning and ZoningCommission, 174 Conn. 493, 495-99, 391 A.2d 154 (1978) (resident taxpayer's interest no greater than that of any other resident and taxpayer in the community). Since this is not a liquor permit case, the long standing rule that taxpayers in zoning appeals involving the sale of liquor are a priori aggrieved under § 81, 8 (a) and have automatic standing to appeal does not apply. Jolly,Inc. v. Zoning Board of Appeals, supra, 237 Conn. 184.
The plaintiff also claims that as a competitive builder and developer in Clinton he is entitled to maintain an appeal as an aggrieved person. Specifically, the plaintiff claims that the ZBA's selective zoning enforcement has provided the "defendant Chelsea with an unfair competitive and economic advantage which is denied to the plaintiff as a competitor." (Plaintiff's Appeal, paragraph 3.). The plaintiff claims that his interest as an existing competitor in the Clinton area is sufficient to satisfy the first prong of the aggrievement test. To satisfy aggrievement requirements, the plaintiff "must allege a legally protected interest that is concrete and actual, not merely one that is hypothetical. A speculative loss of revenue is insufficient to confer standing and establish aggrievement." New EnglandRehabilitation Hospital, Inc. v. CHHC, supra, 226 Conn. 127. Thus, the plaintiff's status as a competitor, in and of itself, is insufficient to satisfy the first prong of the test for determining aggrievement.
As a general rule, allegations "that a governmental action will result in competition harmful to the complainant's business would not be sufficient to qualify the complainant as an aggrieved person. [The Supreme Court] has carved out a limited exception to this rule, however, that will permit a finding of aggrievement if the proposed competition is unfair or illegal." (Citations omitted; internal quotation marks omitted.) UnitedCable Telephone Serv. v. Dept. of Public Utility, supra,235 Conn. 343-44. Absent a claim of unfair or illegal competition, "an allegation merely of competition likely to result in lost revenues is ordinarily insufficient to confer standing . . ."State Medical Society v. Board of Exam. in Podiatry,203 Conn. 295, 302, 524 A.2d 636 (1987).
"A plaintiff who claims harm as a competitor has standing to maintain an appeal to the court only if its interest as a competitor is arguably within the zone of interest to be CT Page 2568 protected or regulated by the statutes or constitutional guarantee in question." (Citations omitted; internal quotation marks omitted.) Ace Ambulance Service v. Dept. of Public HealthAddiction, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552348 (May 6, 1996, Hodgson, J.). A plaintiff must "demonstrate that [his] asserted interest has been specially and injuriously affected in a way that is cognizable by law." United Cable Telephone Serv. v. Dept. ofPublic Utility, supra, 235 Conn. 343, The plaintiff claims that he has been injured in that the competition created by the planning and zoning commission's discriminatory enforcement of the town's zoning regulations is unfair. Thus, in considering whether the plaintiff's interest has been injuriously affected, the court must look to whether "the injury [the plaintiff] complains of (his aggrievement, or the adverse effect upon him) falls within the zone of interests sought to be protected . . ." Id., 344-45.
The plaintiff claims that the ZBA's selective enforcement of the town's regulations has led to unfair competition. It is a well settled principle of law that "[s]tanding concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." (Citations omitted; internal quotation marks omitted.) United Cable Telephone Serv. v. Dept. of PublicUtility, supra, 235 Conn. 345. The court finds no support that the town's zoning regulations were created to protect existing builders and contractors from potential competition. In fact, the legislature has demonstrated an ability to protect existing competitors when it chooses to do so. See Light Rigging Co. v.Dept. of Public Utility Control, 219 Conn. 168, 592 A.2d 386
(1991); United Cable Television Services Corp. v. Dept. of PublicUtility Control, supra, 235 Conn. 351-52. The statutory and regulatory scheme presently at issue, however, does not seek to insulate existing businesses from potential competitive harm. "[T]he threat of increased competition . . . is not an interest protected by the zoning laws . . ." (Citations omitted; internal quotation marks omitted.) Northeast Parking, Inc. v. Plumridge,
Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 466606 (July 7, 1995, Holzberg, J.,15 Conn. L. Rptr. 186). "The fact that the plaintiff's business will suffer increased competition due to the granting of a permit is not the injury the aggrievement requirement is designed to a protect. This reflects a commonly stated view that land use CT Page 2569 regulations ought not to be used to stifle competition." Id., citing T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992), 542.
The court is persuaded that the purpose of zoning is to provide "public regulation of land development and use," and not to stifle or protect business from fair competition. T. Tondro, Connecticut Land Use Regulation, supra, 35, 118. Therefore, the court finds that the plaintiff has failed to allege and prove that he was harmed as a competitor in a way that is cognizable by law.
In conclusion, the plaintiff has failed to satisfy both prongs of the aggrievement test. This court is therefore without jurisdiction to hear the merits of the appeal. Accordingly, the motion to dismiss for lack of aggrievement is granted.
Arena, J.