TRIMAR EQUITIES, LLC *v.* PLANNING AND ZONING
BOARD OF THE CITY OF MILFORD
(AC 21074)

Lavery, C. J., and Mihalakos and O'Connell, Js.

Argued June 6—officially released November 6, 2001

*George F. Martelon, Jr.*, for the appellant (plaintiff).

*Matthew B. Woods*, trial counsel, with whom, on the brief, was *Cynthia C. Anger*, assistant city attorney, for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Trimar Equities, LLC, appeals, following this court's grant of certification, from the judgment of the trial court dismissing its appeal from the decision of the defendant planning and zoning board of the city of Milford (board). On appeal, the plaintiff claims that the trial court improperly held that an applicant in an affordable housing appeal brought under General Statutes (Rev. to 1997) § 8-30g must show that it is aggrieved, as required under General Statutes § 8-8 (b). We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. On October 28, 1998, the plaintiff filed a petition with the defendant to change the zone of a parcel consisting of 5.7 acres of land on White Oaks Road in Milford from R-12.5 single-family housing to RMF-16 multifamily housing. In its petition, the plaintiff stated that it was "the contract purchaser" and "the intended developer" of the land in question, intending to develop a sixty-two unit apartment community with a 25 percent affordable housing component in accordance with § 8-30g. On December 1, 1998, the board met and denied the plaintiff's petition.

On December 16, 1998, the plaintiff appealed to the Superior Court from the board's decision, claiming that the decision was contrary to § 8-30g. The plaintiff claimed that it had standing to bring the appeal because

it had submitted the affordable housing application. The court, during an evidentiary hearing, then told the plaintiff that unless it was able to produce additional evidence regarding its ownership and interest in the property, the court would be unable to find the aggrievement necessary for the plaintiff to prevail in its appeal.

The plaintiff, thereafter, submitted into evidence a copy of the contract for the sale of the property entered into between S.C. Communications, LLC, and the four property owners, and an assignment of that contract from S.C. Communications, LLC, to the plaintiff. The plaintiff also presented testimony that the principals of S.C. Communications, LLC, and the plaintiff were the same persons. Also submitted into evidence by the plaintiff was a signed consent from the sellers, consenting to the assignment of the sales contract from S.C. Communications, LLC, to the plaintiff. Only one of the four owners of the property, however, signed that document. The original contract provided that any assignment of the contract must be agreed to by all sellers, or else it would be void.[1]

After receiving the evidence and testimony previously outlined, the court found that it was insufficient to establish the plaintiff's aggrievement with respect to the defendant's decision denying the requested zoning change. The court found that the assignment of the contract was not agreed to in writing by all of the sellers and was, therefore, void. Accordingly, the court dismissed the plaintiff's appeal for lack of aggrievement. This court subsequently granted the

---

[1] The contract provides in relevant part:

"VIII. ASSIGNMENT OF CONTRACT RIGHTS

"This Agreement and the BUYER's right hereunder may not be assigned by the BUYER without the prior written consent of the SELLERS, which consent shall not be unreasonably withheld; and any purported assignment without such written consent shall be void and of no effect. . . ."

plaintiff's petition for certification to appeal. This appeal followed.

The principal issue raised in the plaintiff's appeal is whether an affordable housing appeal brought by an applicant under § 8-30g[2] requires that the applicant prove that it is aggrieved pursuant to § 8-8 (b).[3] We conclude that it does.

We first set forth our standard of review. "Statutory construction . . . presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *King* v. *Sultar*, 253 Conn. 429, 437–38, 754 A.2d 782 (2000). "Common sense must be used [when construing statutes] and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) *South End Plaza Assn., Inc.* v. *Johnson*, 62 Conn. App.

---

[2] General Statutes (Rev. to 1997) § 8-30g (b), now (f), provides in relevant part: "Any person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development . . . may appeal such decision pursuant to the procedures of this section. . . . Except as otherwise provided in this section, appeals involving an affordable housing application shall proceed in conformance with the provisions of . . . section 8-8 . . . ."

[3] General Statutes § 8-8 provides in relevant part: "(a) As used in this section:

"(1) 'Aggrieved person' means a person aggrieved by a decision of a board . . . .

"(b) . . . [A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. . . ."

462, 466, 767 A.2d 1267, cert. denied, 256 Conn. 922, 774 A.2d 138 (2001).

"The fundamental test by which the status of aggrievement . . . is determined encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision . . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is an issue of fact . . . for the trier of the facts." (Citations omitted; internal quotation marks omitted.) *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 307–308, 592 A.2d 953 (1991). "The question of aggrievement is one of fact to be determined by the trial court on appeal." *Primerica* v. *Planning & Zoning Commission*, 211 Conn. 85, 93, 558 A.2d 646 (1989).

If the plaintiff has such a specific, personal and legal interest in the subject property that it meets the first requirement, it appears from the record that the defendant's decision denying the plaintiff's affordable housing application is sufficient to meet the second requirement that the plaintiff's interest has been "injuriously affected" by the defendant's decision. Our analysis here, therefore, centers on the first requirement, namely, that the plaintiff have such a "specific, personal and legal" interest in the property. We conclude that it does not.

"The terms aggrievement and standing have been used interchangeably throughout most of Connecticut jurisprudence. We previously have stated that [t]he question of aggrievement is essentially one of standing . . . . *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978). Although these two legal concepts

are similar, they are not, however, identical. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . Proof of aggrievement is, therefore, an essential prerequisite to the court's jurisdiction of the subject matter of the appeal." (Citations omitted; internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 255–56, 773 A.2d 300 (2001).

Our Supreme Court has also applied that standard specifically in cases involving zoning disputes. "In *Munhall* v. *Inland Wetlands Commission*, 221 Conn. 46, 51, 602 A.2d 566 (1992), [that court] rejected the claim that dissenting members of a zoning commission have the personal interest required to be considered sufficiently aggrieved. . . . [T]he plaintiffs claimed an interest in the strict enforcement of the inland wetlands and watercourses regulations as the basis for their aggrievement. . . . [Our Supreme Court] rejected that argument, concluding that neither their interest as dissenting commission members nor their general interest as residents and taxpayers rises to the level of the personal interest required in order to fall within the meaning of a person aggrieved. . . . Because aggrievement is a jurisdictional question, and therefore, the key to access to judicial review, the standard for aggrievement is rather strict." (Citations omitted; internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, supra, 256 Conn. 256–57.

The Supreme Court in *Gladysz* thus held that "a party claiming aggrievement submits to the court a jurisdictional question requiring the demonstration of a legally cognizable interest, i.e., a specific, personal legal interest in the subject property that is injured by a zoning decision . . . ." Id., 258. By contrast, "a party who claims standing to apply submits an issue requiring an examination of many factors, including the balancing

of present and possibly future interests that require a showing that the applicant is a real party in interest." (Internal quotation marks omitted.) Id. That discussion sets forth the key point that standing to file the zoning application, which is subsequently denied, does not alone give a party the aggrievement necessary to pursue an appeal of that decision in the courts.

The plaintiff does not question that § 8-8 requires proof of aggrievement to bring an appeal of a zoning decision to the Superior Court. The plaintiff claims, however, that its appeal is governed not by § 8-8 but rather by § 8-30g. The plaintiff contends that § 8-30g requires only that one be an applicant to bring an affordable housing appeal.

The plaintiff points to our Supreme Court's decision in *Ensign-Bickford Realty Corp.* v. *Zoning Commission*, 245 Conn. 257, 715 A.2d 701 (1998), as providing support for its assertion that § 8-30g provides a procedure for appeals in cases involving affordable housing applications separate and distinct from that provided by § 8-8. In *Ensign-Bickford Realty Corp.*, the issue before the Supreme Court was whether the right of appeal contained in § 8-30g required that a petition for certification be filed before an appeal could be brought to this court.

Concluding that § 8-30g did not create a right of direct appeal, but rather that certification, as provided in § 8-8, was required, the Supreme Court stated: "Section 8-30g (b)[1] [now (f)] embodies the general rule that 'appeals involving an affordable housing application' are to proceed in conformance with the provisions of [General Statutes] §§ 8-8, 8-9, 8-28 and 8-30a, as applica-

---

[1] After *Ensign-Bickford Realty Corp.* was decided, General Statutes § 8-30g was amended by Public Act 00-206, § 1, of the 2000 Public Acts, which added new subsections, causing the previous subsection (b) to be relettered as subsection (f).

ble. Section 8-8, in turn, specifically provides in subsection (o) that an appeal may be taken to the Appellate Court only upon a grant of certification by that court, and §§ 8-9, 8-28 and 8-30a all incorporate § 8-8, and consequently § 8-8 (o), by specific reference. We conclude, therefore, that the general rule of § 8-30g (b) [now (f)] governing 'appeals involving an affordable housing application' encompasses the certification requirement of § 8-8 (o). Moreover, nowhere does § 8-30g otherwise provide that such appeals are not subject to the certification requirement of § 8-8 (o). Because the legislature did not except § 8-8 (o) from the general rule embodied in § 8-30g (b) [now (f)], we also conclude that the language of § 8-30g (b) [now (f)] manifests the legislature's intention that 'appeals involving an affordable housing application' proceed in conformance with § 8-8 (o), as applicable. By its terms, § 8-8 (o) is applicable to land use appeals to the Appellate Court from judgments of the Superior Court, but not to appeals to the Superior Court from decisions of commissions. We therefore further conclude that the language of § 8-30g (b) [now (f)] indicates that the legislature intended that affordable housing appeals to the Appellate Court be subject to the certification requirement of § 8-8 (o)." *Ensign-Bickford Realty Corp.* v. *Zoning Commission,* supra, 245 Conn. 268–69.

The reasoning of the Supreme Court in *Ensign-Bickford Realty Corp.*, by which it concluded that certification was required for appeals to this court in cases involving affordable housing, as with other zoning cases, applies equally to the issue before us, namely, whether aggrievement is required to maintain an appeal from a decision of a zoning commission in cases involving applications for affordable housing. Because § 8-8 provides that only 'aggrieved parties' may appeal, and because § 8-30g does not alter that requirement for appeals involving affordable housing applications, we conclude that an appeal under § 8-30g of a denial of an

affordable housing application requires proof of aggrievement.

That conclusion is further supported by the analysis of the issue of aggrievement provided by one commentator, Robert Fuller: "Even though the statute does not expressly include a provision requiring the appellant to prove aggrievement in order to have standing to maintain the appeal, section 8-30g (b) [now (f)] states that the appeal proceeds in accordance with the above mentioned statutes, including section 8-8 and 8-9. The clear implication is that compliance with the two part test for aggrievement must be proven *the same as in conventional appeals under section 8-8. . . .*

"As with a conventional appeal, if the plaintiff *fails to produce evidence of aggrievement, such as ownership of the property* for which the affordable housing application was made, *the appeal will be dismissed*." (Emphasis added.) R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 51.5, pp. 534–35.

Because the question is one of fact, we apply our familiar standard for reviewing issues of fact. "We do not . . . disturb such a finding on appeal unless the subordinate facts do not support it or it is inconsistent with the law. *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 496, 400 A.2d 726 (1978). 'We will reverse the trial court only if its conclusions are clearly erroneous and violate law, logic, or reason or are inconsistent with the subordinate facts.' *Zoning Board of Appeals* v. *Planning & Zoning Commission*, 27 Conn. App. 297, 301, 605 A.2d 885 (1992)." *Lewis* v. *Planning & Zoning Commission*, 62 Conn. App. 284, 287, 771 A.2d 167 (2001).

The trial court found as a fact that the plaintiff was not aggrieved by the decision of the defendant board.

We conclude that this finding is not clearly erroneous and is not inconsistent with the law.

The judgment is affirmed.

In this opinion the other judges concurred.