[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a vigorously contested appeal from the denial of a special use permit to operate a day cruise charter boat business at property located at the corner of Holmes Street and East Main Street, Mystic, Connecticut, known as Unit 17 of an approved condominium complex located at this corner.
The hearing on this appeal in court was combined with a hearing on an appeal from the denial of a variance by the Zoning Board of Appeal relating to the same project by agreement of the parties. Among other things the plaintiff alleged aggrievement; the defendant left it to it's proof Both parties appeared by counsel, evidence was introduced on the issue of aggrievement and argument was heard by the court. Both parties CT Page 6810 have submitted briefs which are a part of the file.
The appeal is resolved by a discussion of the issue of aggrievement.
From the evidence offered at the hearing on April 25, 2002, the court finds the following facts and makes the following conclusions of law. The applicant is Merry Charters, LLC, the plaintiff in this appeal. The owner of Unit 17, which is an approved condominium unit (a wooden dock), is Gerval, Inc. Gerval, Inc. is not a party to this appeal. Although the plaintiff in its February 19, 2002 Brief in the file alleges "As of the date of its application, and for some time prior thereto and to the present time Merry Charters leased the property . . ." the court does not find that to have been established by the evidence. From May 1, 2000 to October 31, 2000 the plaintiff had a written agreement with the owner for use of Unit 17 for which a fee was paid. During the year 2001 the plaintiff paid the owner for one months storage only. For the year 2001 and 2002 the only arrangement between the applicant and the owner regarding the use of the real estate involved (Unit 17) was a verbal agreement that if the applicant/plaintiff could get all the required permits then in that event the owner would enter into a written agreement for the use of the Unit. The applicant was not in possession of or occupying the Unit during those years. The plaintiff did have the approval of the owner to apply to the Planning and Zoning Commission. In fact the forms used by the Commission required the signature of the owner which was given. Also the owner gave permission for the appeal from the denial to court. The plaintiff/applicant is not a property owner in the area affected by the application.
The issue presented is whether under these facts the applicant is aggrieved.
A condominium unit is real estate. Connecticut General Statutes (CGS), Section 47-202 (Common Interest Ownership Act). The statute of frauds requires a written agreement for a lease of property or any interest therein unless occupied by the lessee CGS, Sec, 52-550. There is nothing in the law which requires the owner to fulfill to oral understanding even if the permits are eventually obtained. If the owner gets a better offer in the meantime it is free to accept that offer.
Aggrievement requires a two part test, the first requires a specific, personal and legal interest in the subject matter of the decision and the second requires that the interest has been specially and injuriously affected. Hall v. Planning Commission, 181 Conn. 442, 444 (1980). The interest must be continuous up to the time of the hearing. Goldfeld v.Planning Zoning Commission, 3 Conn. App. 172, 177 (1985); see alsoCraig v. Maher, 174 Conn. 8, 9 (1977). The mere denial of an application CT Page 6811 does not establish aggrievement. Beckish v. Manafort, 175 Conn. 415, 420
(1978). Moreover, aggrievement may not be established by agreement or waiver. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 509
(1968).
Although no case involving these facts has been found there are comparable situations in our law. For example, a lapsed option does not create a sufficient interest to constitute aggrievement. BethlehemChristian Fellowship, Inc. v. Planning Zoning Commission,58 Conn. App. 441, 445 (2000). Also, where an assignment of a contract of sale had not been agreed to in writing by all parties and was therefore void, the court found no aggrievement and dismissed the appeal. TrimarEquities, LLC v. Planning Zoning Board, 66 Conn. App. 631 (2001).
Under the circumstances of this case it is found that the applicant has not established aggrievement. Proof of aggrievement is an essential prerequisite to the court's jurisdiction of the subject matter of the appeal. Gladysz v. Planning Zoning Commission, 256 Conn. 249, 256
(2001).
The appeal is dismissed.
 ___________________ Leuba, J.