[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION I FACTS
On and before May 6, 2002, the plaintiff, Tom Sala, was the holder of a valid motor vehicle operator's license issued to him by the State of Connecticut Department of Motor Vehicles. On May 6, 2002, his right to operate a motor vehicle in the State of Connecticut was suspended for a period of one year following a conviction for operating under the influence of alcohol (first offense) in violation of General Statutes § 14-227a.
Mr. Sala is a veteran of the Viet Nam War and suffers post-traumatic stress disorder and vision loss in his left eye. The Social Security Administration has classified him as totally disabled by reason of these conditions. Mr. Sala, who resides in Durham, Connecticut, is in regular treatment for his service-connected medical conditions with medical providers at the Veterans Administration Hospitals in Newington and West Haven, Connecticut. He travels weekly to each facility for examination by his providers.
On May 9, 2002, Mr. Sala filed with the State of Connecticut Department of Motor Vehicles, pursuant to General Statutes § 14-37a, an application for special operator's permit. By order dated May 22, 2002, the Commissioner of Motor Vehicles denied Mr. Sala's application for the reason that "[the plaintiff] currently [is] not employed. Work permits are issued for work purposes only."
By writ, summons and complaint returnable to the court on July 9, 2002, Mr. Sala appealed from the decision of the Commissioner of Motor Vehicles denying his application for a special operator's permit. cf.Thomas Sala vs. Commissioner of Motor Vehicles, Docket No. CV02-0515629S. By order of the court (Schuman, J.), dated July 8, 2002, CT Page 14729 the court denied Mr. Sala's application for a stay of his motor vehicle operator's license suspension pending the outcome of his administrative appeal. On August 23, 2002, Mr. Sala filed with the Commissioner of Motor Vehicles a Petition for Declaratory Ruling concerning the constitutionality of General Statutes § 14-37a (f). On September 4, 2002, the Commissioner of Motor Vehicles declined to issue the requested declaratory ruling. By writ, summons and complaint returnable to the court on October 15, 2002, the plaintiff commenced this action.
 II DECISION
In his memorandum in opposition to defendant's motion to dismiss, Mr. Sala acknowledges that "A party pursuing declaratory relief must . . . demonstrate, as in ordinary actions, a `justiciable right' in the controversy sought to be resolved . . . as such will be affected by the [court's] decision." Steeneck v. University of Bridgeport, 235 Conn. 572,579 (1995), citing McGee v. Dunnigan, 138 Conn. 263, 267 (1951). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) State v. Nardini, 187 Conn. 109,111-12 (1982), Board of Education vs. Naugatuck, 257 Conn. 409, 416
(2001). Where a party is mounting a constitutional challenge to the validity of a statute, he must provide an adequate factual record in order to meet his burden of demonstrating the statute's adverse impact on a protected interest of his and not merely under a hypothetical set of facts as yet unproven. Bell Atlantic Mobile, Inc. v. Department of PublicUtility Control, 253 Conn. 453, 490, 754 A.2d 128 (2000). Memorandum in Apposition to Motion to Dismiss, pp. 3-4.
On October 15, 2002 the Commissioner of Motor Vehicles filed a motion to dismiss the case on the following four bases: first, Mr. Sala is not statutorily entitled to a special permit, and therefore, the Commissioner has no authority to issue a special permit; second, there is no contested case from which to appeal; third, the plaintiff is not aggrieved by the Commissioner's denial of his application for a special permit; and fourth, the plaintiff fails to state a viable constitutional claim. The first basis for the motion to dismiss begs the question.
Mr. Sala asserts that his case meets the criteria for justiciability: (1) There is a dispute between him and the Commissioner of Motor Vehicles CT Page 14730 concerning his ineligibility for a special operator's permit; (2) the interest of the parties to this lawsuit is adverse; (3) this court can adjudicate the controversy presented by this case, namely, the constitutionality of General Statutes § 14-37a; and (4) a determination of this controversy that is favorable to Mr. Sala will render the statute invalid and invite the Legislature to cure the constitutional defect. He asserts that once the statute is cured of the defect, Mr. Sala will be eligible for a special operator's permit. Memorandum in Opposition to Motion to Dismiss, p. 4.
A ruling that the statute is unconstitutional will not result in a practical relief to the complainant and, therefore, Mr. Sala has failed to satisfy the criteria which he acknowledges he must satisfy in order to for the court to sustain his objection. Indeed, the only result which the ruling sought would assure the inability of the Commissioner of Motor Vehicles to award special permit to persons who need a driver's license to travel to and from work. Since Mr. Sala is disabled and does not work, a determination that the statute is unconstitutional will not effect him. The mere probability of legislative response is not a practical relief for Mr. Sala as he claims. His case is distinguishable from Bell Atlantic Mobile, Inc. v. Department of Public Utility Control, supra., wherein the unconstitutionality of the challenged statute would have deprived the state of the ability to impose an assessment of the revenues of the plaintiff. Since the unconstitutionality will not result in a practical relief to Mr. Sala, according to his brief, the matter is not justiciable.
In defense of the Commissioner's assertion that Mr. Sala is not aggrieved, Mr. Sala makes the following acknowledgment that: "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . ." Gay Lesbian Law Students Assn. v.Board of Trustees, 236 Conn. 453, 466 (1996). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved . . . the fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]."Steeneck v. University of Bridgeport, 235 Conn. 572, 579 (1995). A party CT Page 14731 challenging the constitutionality of a statute must have standing to do so. Shaskan v. Waltham Industries Corporation, 168 Conn. 43, 49 (1975). Memorandum pp. 6-7.
Sala correctly notes that in enacting General Statutes § 14-37a, the Legislature created a privilege which is expressly available only to working people who possess motor vehicle operator's licenses. It is expressly unavailable to people who do not work, whether because they are disabled or otherwise.
Many courts have interpreted the meaning of aggrievement. The operator of a sewage treatment plant has been held not to have been aggrieved by finding of Commissioner of Department of Environmental Protection that odors emitted by plant constituted unreasonable pollution, so as to entitle operator to take administrative appeal from decision of Commissioner, which granted operator's application for discharge permit, despite a claim that finding of unreasonable pollution had adverse effect on operator by diminishing its stock in eyes of the town's citizens. The court held that the operator's concerns did not constitute "direct injury," particularly as operator had not identified any specific effect of the finding of unreasonable pollution on its functioning, but had offered speculative concern that, even if true, would not rise to level of aggrievement. Water Pollution Control Authority of Town of Stoningtonv. Keeney, 234 Conn. 488, 662 A.2d 124 (1995). Similarly, a consortium of health care providers was found not to have been aggrieved by decision of Commission on Hospitals and Health Care (CHHC) to grant competitor's application to construct and operate rehabilitation facility. New EnglandRehabilitation Hospital of Hartford, Inc. v. Commission on Hospitals andHealth Care, 226 Conn. 105, 627 A.2d 1257 (1993). Employers and health insurers were held not to be aggrieved by decisions of Commission on CHHC which established rates to be charged by hospitals, within meaning of the statute allowing only aggrieved parties to appeal from such decisions, reasoning that the fact that plaintiffs were contractually obligated to pay rates established by Commission gave them no more standing than uninsured members of general public who had to pay rates established.Connecticut Business and Industries Assn., Inc. v. Commission onHospitals and Health Care, 214 Conn. 726 573 A.2d 736 (1990). Minority shareholders were held not to be aggrieved by the revocation of the corporation's cable television franchise, because the revocation was not aimed at them or their shares, but rather at the corporation of which they are shareholders and any resultant injury is indirect and therefore insufficient to aggrieve the mi shareholders. Ribicoff v. Department ofPublic Utility Control, 38 Conn. Sup. 244, 445 A.2d 325 (1980).
The state's attorney has a specific legal interest in a Freedom of CT Page 14732 Information commission ruling that a police report must be released to the press as it effects the prosecution of a case. Kelly v. Freedom ofInformation Commission, 221 Conn. 300, 603 A.2dx 1131 (1992). A licensee with a right to transfer, sell and trade its license had an economic interest in the license and was therefore aggrieved by a decision of the Department of Public Utility Control to issue additional licenses. LightRigging Co. v. Department of Public Utility Control, 219 Conn. 168,592 A.2d 386 (1991). Similarly, taxpayers of a town are not aggrieved by a zoning board's approval of an elderly housing development because they are unable to show the requisite specific injury, Bill v. Planning andZoning Commission of Town of Westport, 174 Conn. 493, 391 A.2d 154
(1978). See also, Triman Equities v. Milford, 66 Conn. App. 631,785 A.2d 619 (2001) holding that appellant not aggrieved where assignment of rights was defective.
Applying the reasoning of these decisions, Mr. Sala has no specific legal interest in the constitutionality of General Statutes § 14-37a
and is therefore not aggrieved, because his alleged injury is even less direct than the injury claimed in the cases where aggrievement was found not to exist.
In the cases cited above, the petitioner claimed an injury which was resultant, albeit indirectly, from the challenged action. Contrasty, Mr. Sala has no legally protected interest in the subject matter of General Statutes § 14-37a. He is neither directly nor indirectly harmed by either the existence or the exercise of the Commissioner of Department of Motor Vehicle's power to grant a special driving permit to working persons to drive to and from work while their license is suspended. The existence of General Statutes § 14-37a does not prevent the legislature from enacting a law permitting the Commissioner of Department of Motor Vehicles to awarding a special permit to handicapped persons. There is no finite number of permits which can be issued such that the award of a special permit to a working person would deprive Mr. Sala or any other handicapped person from obtaining a special permit. Even if General Statutes § 14-37a is found to be unconstitutional, it is speculative at best to conclude that Mr. Sala's license would not be reinstated; and the Commissioner of the Department of Motor Vehicles would have no power to issue a special permit to anyone, including Mr. Sala. Thus, the remedy he seeks does not alleviate the injury he claims to have suffered, which in and of itself evinces the lack of any protected legal interest of Mr. Sala in the challenged statute. The statute authorizing the issuance of special permits affects Mr. Sala in the same way it affects all other members of the community. As neither the terms nor the effect of the challenged statute deprives Mr. Sala of his right to drive, he is not aggrieved. CT Page 14733
Mr. Sala's disability does not give him a specific, personal and legal interest in the privilege accorded to working people, as distinguished from a general interest shared by all members of the community. Nor have his specific personal and legal interests been specially and injuriously affected by the statute, the constitutionality of which he challenges. Mr. Sala is not aggrieved, and the issue raised by his complaint is not justiciable. The Motion to Dismiss is therefore granted.
BY THE COURT
__________________________ Vanessa L. Bryant, Judge CT Page 14734