BOLGER, Justice, dissenting.
I disagree with the court's opinion on the standing issue. When the legislature chose to limit appeals to a "person aggrieved" by a land use decision,[1] it was choosing language that is used across the country to limit participation more strictly than the broad definition of interest-injury standing.
Aggrievement requires a showing of more than minimal or slightly appreciable harm. The adverse effect on a person must be substantial enough to constitute actual aggrievement such that there can be no question that the person should be afforded the opportunity to seek a remedy. To conclude otherwise would choke the courts with litigation over myriad zoning decisions where individual plaintiffs have not been, objectively speaking, truly and measurably harmed. The issue is whether a person has put forth credible evidence to show that she will be injured or harmed by proposed changes to an abutting property, not whether she simply will be "impacted" by such changes.[2 ]
Aggrievement is thus a question of fact that must be resolved by a finder of fact.[3] I would affirm the Homer Board of Adjustment because the Board reasonably concluded that Frank Griswold was not aggrieved by the Homer Advisory Planning Commission's setback decision.
I am especially concerned about the court's conclusion that Griswold, "by virtue of his ownership in the zoning district," will suffer recognizable harm from a covered porch more than a half-mile away.[4] In a large municipality, a zoning district could contain many square miles of property. This decision thus invites obstacles to reasonable development proposals, even when the competing interest is very remote or speculative.

AS 29.40.060(a).

8A Eugene McQuillin The Law of Municipal Corporations § 25:354 (3d ed.) (footnotes omitted).

See Trimar Equities, LLC v. Planning & Zoning Bd. of City of Milford , 66 Conn.App. 631, 785 A.2d 619, 622 (2001) ("Aggrievement is an issue of fact ... for the trier of the facts."); Kenner v. Zoning Bd. of Appeals of Chatham , 459 Mass. 115, 944 N.E.2d 163, 168 (2011) ("Standing essentially becomes a question of fact.").

Opinion at 254.